Judge Undtrwood
delivered the opinion of the Court.
Wooley, holding notes upon S. Stone, before he obtained judgments upon them and had executions returned nulla bona, filed a bill against Stone for the purpose of restraining him from making fraudulent transfers of his property and chosesin action. Lackey, a defendant, owed Stone for land, and one object of the bill was to subject the debt due by Lackey to Stone.
We are of opinion that the chancellor had no jurisdiction of tue matters contained in the bill, until Wooley had obtained his judgments, and had executions returned nulla bona; and therefore the whole proceeding until the supplemental bill was filed, set-f1¡)g 0llt the judgments, executions and returns of *303 'nulla bona,'should be regarded as coram non jwdicé. M. Fenan vs Jones and Crutcher, II. Litt 219.
Anderson, for plaintiff; Owsley, for defendant.
Before the supplemental bill was filed, Wooley had settled the amount of debt due by him to .Stone, and therefore there is no ground for a decree against him.' We do not perceive how we can with safety decree in favor of VV oolev upon the record as it now stands, against any of the other defendants. The testimony of their participation in the imputed frauds, with a view to defeat the payment of the debts of Wooley, is insufficient to counteract their positive denial. The lien upon the land, asserted against Lackey, cannot be sustained for the same reason. Wherefore, the decree is affirmed.